UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No. 1:16-CR-000212 |
| v. | : | (Chief Judge Conner) |
| KEVIN COLES | : | (Electronically Filed) |

# BRIEF IN SUPPORT OF
# MOTION FOR EARLY DISCLOSURE
# OF JENCKS ACT MATERIAL

AND NOW, comes the defendant, Kevin Coles, by his attorney, Thomas A. Thornton of the Federal Public Defender's Office, and files this Brief in Support of Motion for Early Disclosure of Jencks Act Material.

Production of Jencks Act material at trial will necessitate extensive delays during trial to allow defense counsel an opportunity to review said material prior to cross-examination of government witnesses. This Court has the authority to structure the trial to assure fairness to all parties.

Strict application of the Jencks Act violates the following constitutional guarantees:

 a. meaningful cross-examination and confrontation of government witnesses—The Defendant rarely knows, prior to trial, who the government witnesses are, and, therefore, cannot conduct any pretrial investigation of their character, veracity and reputation;

1

b. compulsory process to secure the presence of defense witnesses—Prior to trial, the government does not disclose the existence of witnesses favorable to the Defendant;

c. effective assistance of counsel—Literal adherence to the Jencks Act requires defense counsel to "shoot from the hip" and precludes careful planning of defense strategies prior to trial; and

d. a fair trial.

Strict adherence to the Jencks Act, coupled with the meager discovery rules, renders ineffective any attempt to create a viable trial strategy until the trial is well under way.

## MEMORANDUM OF LAW

The *Jencks* Act, 18 U.S.C. §3500(a), provides that a court may not order discovery of statements or reports of government witnesses or prospective government witnesses until the witness has testified on direct examination in the trial of the case. Rule 26.2 [FRCrP 26.2] incorporates the *Jencks* Act and provides a procedure for discovery of defense witness statements at trial or hearing.

Exceptions to the *Jencks* Act's pretrial prohibition established in the criminal rules, rules of evidence and case law include: statements of witnesses called at preliminary hearings and pretrial detention hearings; grand jury

2

testimony of government witnesses subject to the "particularized need" test; hearsay declarant statements under the residual exception; and the court's supervisory authority.

First, when a party calls a witness to testify at a proceeding under the Bail Reform Act of 1984, 18 U.S.C. §3142, to determine whether the court should detain the defendant prior to trial, the adverse party is entitled to any relevant prior statement or report by the witness after direct examination. FRCrP 46(j).

Second, The *Jencks* Act does not limit a court's authority to order pretrial disclosure of grand jury testimony of prospective government witnesses under the particularized need test. *Dennis v. United States*, 384 U.S. 855 (1966); *United States v. Short*, 671 F.2d 178 (6th Cir. 1982); FRCrP 6(e)(3)(E)(i). In the instant matter, the particularized need is tied to the complexity of the case and the severity of the possible punishment. The defense requires an opportunity prior to the empanelling of the jury to parse and analyze the information that will be submitted through testimony at trial. Only in this manner will the defense have a fair opportunity to prepare an adequate defense.

Third, if the government intends to introduce a hearsay statement under

the residual exception, FRE 807, the government must provide the defendant with notice, sufficiently in advance of the trial, of its intent to use the statement, as well as the "particulars of it, including the name and address of the declarant." FRE 807. The Defendant contends that Rule 807 allows the defense "a fair opportunity to prepare to meet" the statement. Such opportunity can only be satisfied by production of the witness' statement, particularly if the witnesses' statements are lengthy.

Finally, in an exercise of a court's inherent supervisory power over management of litigation and/or pursuant to Local Rules, courts have held that the government may be ordered to produce its witness statements earlier than specified in the Jencks Act, particularly where the statements are voluminous and early production poses no threat to the safety of witnesses. *United States v. Acosta,* 357 F. Supp. 2d 1228 (D. Nev. 2005) (pretrial production of favorable evidence ordered); *United States v. Sudikoff*, 36 F. Supp. 2d 1196 (C.D. Calif. 1999) (same); *United States v. Holmes,* 722 F.2d at 40 (where there are many statements of one witness or the bulk of statements of several witnesses is large, government may be ordered to produce statements at earlier time to avoid lengthy trial delays); *United States v. Snell,* 899 F. Supp. 17, 24 (D. Mass. 1995) (noting that nothing in Jencks Act

4

preempts court's ability, consistent with court's obligations over case management, to order earlier disclosure than required by *Jencks* Act).

Disclosure of information impeaching witnesses' credibility must be timed to enable effective preparation for trial. The prevailing practice within the Third Circuit encourages the government to comply with "delivering Jencks material to defense counsel sufficiently in advance of the conclusion of direct examination to obviate trial interruptions solely to permit defense counsel to study the disclosures." *United States v. Murphy*, 569 F.2d 771, 773 (3rd Cir. 1978); *United States v. Mote*, 2010 U.S. Dist. LEXIS 57178, 13-14 (M.D. Pa. June 10, 2010). "This is a salutary practice and we encourage it." *Murphy*, 569 F.2d at 773. "Since the purpose of such disclosures is to ensure the fundamental fairness of the trial, the court encourage[s] the government to provide [the] information at the earliest possible date." *Mote* at 14. With the assistance of early disclosure, "the trial will proceed in a more efficient manner if the defendant has this information." *Mote* at 14.

The Defendant contends that the prosecution should be compelled to disclose *Jencks* material to defense counsel at least two (2) weeks prior to trial because it will not only assist the Defendant in achieving a fair trial but will

also serve the public interest in expediting the fair resolution of criminal cases. *See ABA Standards for Criminal Justice*, §11-2.2; *see, e.g., United States v. Tarantino*, 846 F.2d 1384, 1415 n.12 (D.C. Cir.), *cert. denied*, 488 U.S. 840 (1988); *United States v. Hinton*, 631 F.2d 769, 782 (D.C. Cir. 1980); *United States v. Poindexter*, 727 F.Supp. 1470, 1484-85 (D.D.C. 1989).

In order to accomplish even a rudimentary investigation so as to begin to be able to provide effective assistance to Defendants, counsel and their investigators will require the *Jencks* material well before the jury is sworn. *See United States v. Holmes*, 722 F.2d 37, 41 (4th Cir. 1983) (Noting that providing materials one day before trial began did not "afford[] a reasonable opportunity to examine and digest" the documents.).

WHEREFORE, for the foregoing reasons, the defendant, Kevin Coles, respectfully moves this Honorable Court to order the government to disclose all statements and reports within the meaning of the *Jencks* Act, 18 U.S.C. Section 3500, not less than two (2) weeks prior to the commencement of the trial in this case.

Respectfully submitted,

Date: June 20, 2017

*/s/ Thomas A. Thornton*
THOMAS A. THORNTON, ESQUIRE
Assistant Federal Public Defender
Attorney ID #PA44208
100 Chestnut Street, Suite 306
Harrisburg, PA 17101
Tel. No. (717) 782-2237
Fax No. (717) 782-3881
*thomas_thornton@fd.org*
*Attorney for Kevin Coles*

# **CERTIFICATE OF SERVICE**

I, Thomas A. Thornton of the Federal Public Defender's Office, do hereby certify that I served a copy of the foregoing **Brief in Support of Motion for Early Disclosure of Jencks Act Material**, via Electronic Case Filing, and/or by placing a copy in the United States mail, first class in Harrisburg, Pennsylvania, and/or by hand delivery, addressed to the following:

WILLIAM A. BEHE, ESQUIRE
Assistant United States Attorney
United States Attorney's Office
228 Walnut Street, Room 220
Harrisburg, PA 17108
*william.behe@usdoj.gov*

KEVIN COLES
Franklin County Prison
1804 Opportunity Avenue
Chambersburg, PA 17201

Date: June 20, 2017         */s/ Thomas A. Thornton*
                            THOMAS A. THORNTON, ESQUIRE
                            Assistant Federal Public Defender
                            Attorney ID# PA44208
                            100 Chestnut Street, Suite 306
                            Harrisburg, PA 17101-2540
                            Tel. No. (717) 782-2237
                            Fax No. (717) 782-3881
                            *<thomas_thornton@fd.org>*
                            *Attorney for Kevin Coles*