# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | : CRIMINAL NO. 1:16-CR-212 |
| v. | : (Chief Judge Conner) |
| **KEVIN COLES,** | : |
| **Defendant** | : |

## ORDER

AND NOW, this 11th day of July, 2017, upon consideration of the motion (Doc. 81) to dismiss indictment filed *pro se* by defendant Kevin Coles ("Coles"), wherein Coles seeks dismissal of the indictment (Doc. 1) returned against him in the above-captioned action for alleged violation of the Speedy Trial Act, 18 U.S.C. § 3161, and the court noting as a threshold matter that Coles is represented by counsel and filed his motion without assistance therefrom, and that a represented defendant may not "proceed simultaneously by counsel and *pro se*," United States v. D'Amario, 268 F. App'x 179, 180 (3d Cir. 2008) (nonprecedential); see also United States v. Vampire Nation, 451 F.3d 189, 206 n.17 (3d Cir. 2006), and observing that, in the usual course, the court would deny Coles' motion on this basis alone, without prejudice to his right to refile same with the assistance of counsel, except that Coles indicates an intention to terminate the attorney-client relationship if the court were to deny his motion on this basis, (see Doc. 77), such that the interests of justice and judicial economy compel the court to address Coles' motion on its merits, and the court noting that, under the Speedy Trial Act, a defendant who has not pled guilty must be brought to trial within 70 days of the filing of the indictment or the date the

defendant appeared before a judicial officer of the court in which the charges are pending, whichever is later, 18 U.S.C. § 3161(c)(1), and that any delay resulting from a motion for a continuance is excludable from this time period if the court "granted such continuance on the basis of [its] findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial," id. § 3161(h)(7)(A), and further noting that the court received seven joint defense motions to continue herein, (see Docs. 39, 41, 43, 46, 48, 55, 57), and granted two on the basis of ongoing plea negotiations and the need to prepare pretrial motions, (see Docs. 40, 42), and the remainder on the basis of ongoing plea negotiations, (see Docs. 44, 47, 49, 56, 58), and the court observing that the Third Circuit Court of Appeals has held that an "ends of justice" continuance may be granted "in appropriate circumstances to permit plea negotiations to continue," United States v. Fields, 39 F.3d 439, 445 (3d Cir. 1994); see also United States v. Williams, 591 F. App'x 78, 85 (3d Cir. 2014) (nonprecedential),[1] and the court reaffirming that the periods of delay challenged by Coles were properly excluded

---

[1] Coles cursorily disputes the representation that he was ever engaged in plea negotiations, contending that "there [have] been no plea negotiations" on his behalf. (Doc. 81 at 2). Assuming the truth of this assertion *arguendo*, Coles was at all times joined for trial with defendant Devin Dickerson, and delay is properly excluded under the Speedy Trial Act "when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." 18 U.S.C. § 3161(h)(6).

2

from the Speedy Trial calculus under the "ends of justice" exception thereto, see 18 U.S.C. § 3161(h)(7); (see also Docs. 40, 42, 44, 47, 49, 56, 58), it is hereby ORDERED that Coles' *pro se* motion (Doc. 81) to dismiss the indictment is DENIED.

     /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania