# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 1:16-CR-212** |
| | : | |
| v. | : | **(Chief Judge Conner)** |
| | : | |
| **KEVIN COLES,** | : | |
| | : | |
| Defendant | : | |

## ORDER

AND NOW, this 14th day of February, 2018, upon consideration of the second motion (Doc. 159) for reconsideration filed by defendant Kevin Coles ("Coles"), wherein Coles requests that the court reconsider that portion of its September 8, 2017 memorandum and order (Docs. 135-36) which denied his motion to suppress evidence derived from execution of a cell phone tracking order issued by Franklin County Court of Common Pleas Judge Angela R. Krom pursuant to Pennsylvania's Wiretapping and Electronic Surveillance Control Act, 18 PA. CONS. STAT. § 5701 *et seq.*, and the court observing as a preliminary matter that Coles' instant motion was not filed within fourteen days of the court's September 8, 2017 memorandum and order and is untimely under the Local Rules of Court, see LOCAL RULE OF COURT 7.10, and it further appearing that Coles contends that law enforcement officers violated Judge Krom's order—which required that tracked information be "monitored within the jurisdiction of the court," (Doc. 99-1 at 5)—by monitoring the information outside of Franklin County, Pennsylvania, (see Doc. 160

at 2-4)[1] despite the fact that Coles has twice conceded that law enforcement "complied with the four corners of the tracking order," (Doc. 141 at 5; see 8/17/17 Hr'g Tr. 51:9-52:7), and the court observing further that the purpose of a motion for reconsideration is to "correct a clear error of law or to prevent a manifest injustice" in the court's original ruling, United States v. Dupree, 617 F.3d 724, 732-33 (3d Cir. 2010) (citing Max's Seafood Café v. Quinteros, 176 F.3d 669, 673 (3d Cir. 1999)), that such relief is reserved for "compelling" circumstances, such as an intervening change in law or fact, id., and that, although motions for reconsideration are appropriate when a mistake has been made, "they do not empower litigants . . . to raise their arguments, piece by piece," id. (citation omitted), and the court concluding that Coles' motion is untimely and also that Coles fails to identify any meritorious basis for reconsideration of our September 8, 2017 memorandum and order, it is hereby ORDERED that Coles' motion (Doc. 159) for reconsideration is DENIED.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

---

[1] Coles cursorily entreats the court to reconsider its January 10, 2018 order (Doc. 152) denying his first motion (Doc. 141) for reconsideration, which concerned the separate but related issue of whether tracking orders which lack geographic limitations are constitutional. We reiterate our finding that no basis for reconsideration exists. (See Doc. 152).