IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 1:16-CR-212** |
| | : | |
| v. | : | (Chief Judge Conner) |
| | : | |
| **KEVIN COLES,** | : | |
| | : | |
| **Defendant** | : | |

## ORDER

AND NOW, this 2nd day of August, 2018, upon consideration of the third motion (Doc. 213) for reconsideration of suppression ruling by defendant Kevin Coles ("Coles"), wherein Coles seeks reconsideration of this court's September 8, 2017 memorandum and order which, *inter alia*, denied his motion to suppress certain cell site location information ("CSLI") obtained by law enforcement, and any fruits gathered therefrom, pursuant to an order issued by Franklin County Court of Common Pleas Judge Angela R. Krom, and wherein Coles invokes the United States Supreme Court's recent decisions in United States v. Carpenter, 585 U.S. __, 138 S. Ct. 2206 (2018), and Dahda v. United States, 584 U.S. __, 138 S. Ct. 1491 (2018), and contends that each decision effects an intervening change in the law requiring reconsideration of the court's suppression ruling, and further upon consideration of the government's brief opposing Coles' motion, and the court observing that the purpose of a motion for reconsideration is to "correct a clear error of law or to prevent a manifest injustice" in a court's ruling, United States v. Dupree, 617 F.3d 724, 732-33 (3d Cir. 2010) (citing Max's Seafood Café v. Quinteros, 176 F.3d 669, 673 (3d Cir. 1999)), and that such relief is reserved for "compelling"

circumstances, such as when the movant identifies an intervening change in law or fact, see id., and the court further observing that the Supreme Court in Dahda noted, in the context of Title III of the federal Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. § 2510 *et seq.*, that a "judge's authorizing authority normally extends only within statutorily defined bounds," Dahda, 138 S. Ct. at 1496, and that, under Title III, interception is only permissible when either the listening post or the wiretapped telephone (or both) are located "within the authorizing judge's 'territorial jurisdiction,'" id., and that the Supreme Court in Carpenter held, in the context of the federal Stored Communications Act, 18 U.S.C. § 2703(d), that acquisition of historical CSLI is a search under the Fourth Amendment, Carpenter, 138 S. Ct. at 2220, and will "generally" require law enforcement to obtain a warrant supported by probable cause, id. at 2221-23, and it appearing that Coles constructs his present argument from a marriage of these two cases, to wit: that Judge Krom's territorial jurisdiction is limited to the vicinity of Franklin County, Pennsylvania; that the listening post was located in York County, Pennsylvania, and the subject telephone was located in Maryland; that the collection of CSLI beyond Franklin County, Pennsylvania, violated Dahda by exceeding the issuing court's territorial jurisdiction, rendering Judge Krom's order authorizing the subject CSLI collection invalid; and that, absent valid authorization, the at-issue CSLI collection occurred without probable cause in violation of Carpenter, (see Docs. 213 at 1-4; Doc. 216 at 1-4), and the court finding that Coles' argument is without merit because, *first*, the Supreme Court of Pennsylvania, more than fifteen years ago, held expressly that "all courts of common pleas have statewide subject matter jurisdiction in cases

2

arising under the Crimes Code," Commonwealth v. Bethea, 828 A.2d 1066, 1075 (Pa. 2003)[1]; see also United States v. McClellan, 350 F. App'x 767, 779-80 (3d Cir. 2009) (nonprecedential) (citing Bethea, 828 A.2d at 1073), such that the listening post in York County, Pennsylvania, is located within Judge Krom's territorial jurisdiction, rendering Dahda inapposite *sub judice*; and *second*, because Dahda does not affect or invalidate the order issued by Judge Krom, and that order was supported by a finding of probable cause, (see Doc. 99-1 at 1; see also Doc. 135 at 9-10), Carpenter does not impact the court's earlier ruling,[2] and the court concluding that Coles has

---

[1] Coles disputes this point. He emphasizes that the Pennsylvania Supreme Court in Bethea observed that "[j]urisdiction should only be exercised beyond the territorial boundaries of the Judicial District in which [the court] sits in the most limited of circumstances." (Doc. 216 at 3-4 (quoting Bethea, 828 A.2d at 1075)). The court offered this admonition in the context of balancing statewide subject matter jurisdiction with concerns regarding proper venue. It emphasized that the court at issue—also the Franklin County Court of Common Pleas—did have subject matter jurisdiction in the case and that the "proper focus of this appeal is upon the question of venue." Bethea, 828 A.2d at 1074. The court warned that "the existence of statewide subject matter jurisdiction in matters arising under the Crimes Code is not an invitation to ignore the rules of venue." Id. at 1077. This decision simply balances jurisdiction and venue considerations; it does not divest county courts of their statewide subject matter jurisdiction in criminal matters.

[2] Our ruling on Coles' motion to suppress accounted for Carpenter's eventual holding. At that time, binding Third Circuit precedent firmly rejected the argument that CSLI collection under the federal Stored Communications Act implicated the Fourth Amendment's warrant requirement. (Doc. 135 at 8-9); United States v. Stimler, 864 F.3d 253, 266-67 (3d Cir. 2017) (citation omitted). We noted, however, that even if the Supreme Court implemented a heightened probable cause requirement in Carpenter, the state court order in this case satisfied that standard, because Judge Krom expressly found that the tracking application was supported by probable cause—a requirement of every tracking order under Pennsylvania law. (Doc. 135 at 9-10 (citing 18 PA. CONS. STAT. § 5773(a)). Thus, we determined that the decision in Carpenter would have no impact on the lawfulness of the tracking order.

3

not established a basis for exclusion of the relevant CSLI and any fruits gathered therefrom,[3] and that there is thus no basis for reconsideration of the court's memorandum and order of September 8, 2017, it is hereby ORDERED that Coles' motion (Doc. 213) for reconsideration is DENIED.

          /S/ CHRISTOPHER C. CONNER
          Christopher C. Conner, Chief Judge
          United States District Court
          Middle District of Pennsylvania

---

[3] Assuming *arguendo* that Carpenter or Dahda applied to the collection of CSLI in this case, the evidence would still be admissible. The Supreme Court of the United States in United States v. Leon, 468 U.S. 897 (1984), acknowledged that the deterrent purpose of the exclusionary rule is not furthered by excluding evidence obtained by officers acting in the good faith belief that their conduct is constitutional. See United States v. Jackson, 617 F. Supp. 2d 316, 322 (M.D. Pa. 2008) (Conner, J.) (citing Leon, 468 U.S. at 906-07); United States v. $92,422.57, 307 F.3d 137, 145 (3d Cir. 2002)). The fact that a search was judicially authorized typically provides sufficient evidence that law enforcement acted in good faith. See $92,422.57, 307 F.3d at 145; see also Leon, 468 U.S. at 922-25. Under the circumstances and decisional law that existed at the time Coles' telephone was monitored, law enforcement's reliance on Judge Krom's order was objectively reasonable.