# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 1:16-CR-212** |
| | : | |
| v. | : | (Judge Conner) |
| | : | |
| **KEVIN COLES,** | : | |
| **DEVIN DICKERSON,** | : | |
| **TOREY WHITE,** | : | |
| **JERELL ADGEBESAN,** | : | |
| **KENYATTA CORBETT,** | : | |
| **NICHOLAS PREDDY,** | : | |
| **JOHNNIE JENKINS-** | : | |
|    **ARMSTRONG,** | : | |
| **TERRENCE LAWSON,** and | : | |
| **TYRONE ARMSTRONG,** | : | |
| | : | |
| **Defendants** | : | |

## ORDER

AND NOW, this 7th day of January, 2021, upon consideration of the pretrial discovery motions filed by defendants Kevin Coles, Devin Dickerson, Torey White, Jerell Adgebesan, Nicholas Preddy, and Johnnie Jenkins-Armstrong, as well as the parties' briefs in support of and in opposition thereto, and for the reasons set forth in the accompanying memorandum of today's date, it is hereby ORDERED that:

1. White's, Preddy's, and Coles' motions (Docs. 590, 652, 679), joined in by Jenkins-Armstrong, (see Doc. 686 at 1), seeking disclosure of exculpatory and impeachment material are GRANTED to the extent that the following disclosure schedule shall apply to all defendants in the above-captioned action:

    a. The government shall immediately produce all Brady material in its actual or constructive possession, or in the actual or constructive possession of its agents. The government shall continue to produce such material as it becomes available, or as the exculpatory value of existing material becomes apparent, and shall exercise its best efforts to do so within 14 days of uncovering the material or its exculpatory value.

      b.    Should the government have any doubt as to the exculpatory nature of material in its possession, it shall promptly submit the material to the court for *in camera* review.

      c.    To the extent exculpatory material may also contain Giglio or Jencks material, the government may redact that material from its disclosures. The redacted material must then be produced before trial as set forth in paragraph 1(d) below.

      d.    The government shall produce all Giglio material no later than 30 days before trial.

2. Preddy's and Coles' motions (Docs. 652, 679), joined in by Jenkins-Armstrong, (see Doc. 686 at 1), are GRANTED to the extent that the government shall provide notice of its intent to introduce evidence under Federal Rules of Criminal Procedure 404(b) and 609(b) no later than 30 days before trial.

3. White's, Preddy's, Adgebesan's, and Coles' motions (Docs. 580, 652, 673, 679) are DENIED to the extent that they seek disclosure of codefendants' or unindicted coconspirators' statements, except to the extent those statements contain material subject to disclosure under paragraphs 1(a) or 1(d) above.

4. Preddy's motion (Doc. 652) for a list of government witnesses and for a list of informants is DENIED.

5. White's motion (Doc. 672) for production of Brady material regarding jailhouse informant or "snitch" witnesses, joined in by Coles, (see Doc. 700 ¶ 2), is GRANTED in part and DENIED in part as more fully set forth at pages 22 through 28 of the court's memorandum.

6. White's motion (Doc. 670) to permit investigation of cell phones is deemed WITHDRAWN to the extent it pertains to him. To the extent that motion is joined by Coles as pertains to his own cell phones, (see Doc. 700 ¶ 3), the motion is GRANTED. Adgebesan's motion (Doc. 673) for discovery of his three cell phones is also GRANTED.

7. White's and Adgebesan's motions (Docs. 588, 673) for discovery of the contents of Angela Barney's cell phone, joined in by Coles, (see Doc. 700 ¶ 5), is GRANTED as more fully set forth at pages 29 through 30 of the court's memorandum. Coles' motion (Doc. 679) for the results of an examination of Barney's cell phone conducted by the government is also GRANTED.

8.  Adgebesan's motion (Doc. 673) for discovery of the contents of two cell phones seized from codefendant Kenyatta Corbett and a black Huawei cell phone seized from Joshua Davis, joined in by Coles, (see Doc. 700 ¶ 5), is GRANTED as more fully set forth at pages 30 through 31 of the court's memorandum.

9.  White's, Adgebesan's, and Coles' motions (Docs. 588, 673, 679) for statements of specified codefendants and unindicted coconspirators are DENIED except to the extent those statements or interviews contain material subject to disclosure under paragraphs 1(a) or 1(d) above.

10. Adgebesan's and Coles' motions (Docs. 673, 679) for the statements of Ashley Adkins, Bamidele Adgebesan, Joseph Miller, Brandon Lamar Wills, Taylor Spessard, Stacy Armstrong, Issachar Boston, Jermaine Foye, Martin Kettula, Carrie Jones, Devin DeStefano, Llesenia Diaz, Yolanda Diaz, Tiffany Jardina, Krystal Rockwell, Lakin Wolfe, Courtney Smith, Francisco Moreno, Trent Smith, Brent Smith, Kylie Owens, Cindy Brown, and an undisclosed person, and Preddy's motion (Doc. 652) for statements of all witnesses are DENIED except to the extent those statements contain material subject to disclosure under paragraphs 1(a) or 1(d) above.

11. White's and Coles' motions (Docs. 588, 679) for the full address of Lakesha Gibson's residence are DEFERRED.  The government shall, by **Friday, January 15, 2021**, submit an *in camera* letter explaining why it believes disclosure would compromise the residents' safety and why a protective order limiting disclosure of this information to counsel only would not suffice.

12. White's motion (Doc. 588) for a full report and analysis of his own polygraph examination is GRANTED.  Coles' joinder in that motion, (see Doc. 700 ¶ 5), is DENIED.  White's motion (Doc. 588) for the same information for DeStefano and Coles' motion (Doc. 679) for the full list of polygraph questions put to DeStefano are also DENIED.

13. White's and Coles' motions (Docs. 588, 679) are DENIED as moot to the extent they seek material not in the government's possession.

14. Adgebesan's and Coles' motions (Docs. 673, 679) are DENIED without prejudice to the extent they seek complete disclosure of material that has been turned over but is either incomplete or inaccessible.  The parties shall meet and confer and attempt to resolve these issues and, if not resolved, defendants may renew their motions.

15. The remainder of Coles' motion (Doc. 679) is GRANTED in part and DENIED in part as follows:

   a. Coles' motion is DENIED without prejudice to the extent it seeks a copy of his criminal record, the "native Oxygen information" missing from an analysis of his cell phone, and the missing page of an expert report. The parties shall meet and confer and attempt to resolve these issues and, if not resolved, Coles may renew his motion.

   b. Coles' motion is DENIED as moot to the extent it seeks expert reports and analysis already disclosed.

   c. Coles' motion is GRANTED to the extent it seeks discovery of any reports of tests or examinations related to the serious bodily injury allegation in Count Eighteen. Coles' motion is DEFERRED to the extent it seeks an unredacted version of a report already disclosed. The government shall, by **Friday, January 15, 2021**, submit an *in camera* letter explaining the need for, and identifying authority supporting, its redaction.

   d. Coles' motion is GRANTED to the extent it seeks discovery of all search warrants, arrest warrants, geolocation monitoring orders, and related information, including chain-of-custody logs and related law enforcement reports, pertaining to him, and to the extent it seeks the arrest warrant and supporting affidavit for Dickerson. Coles' motion is DENIED to the extent it seeks search or arrest warrants and supporting affidavits for any witness who will testify at trial, except to the extent they contain material subject to disclosure under paragraphs 1(a) or 1(d) above.

   e. Coles' motion is GRANTED to the extent it seeks all reports documenting Chaney's statements to law enforcement and any promises or consideration provided to her in exchange for her cooperation, and to the extent it seeks all photographic lineups and other identification procedures used to identify him in this case.

   f. Coles' motion is DENIED without prejudice to the extent it seeks a general order of production under Rule 16(a)(1)(E).

4

16. The remainder of White's motion (Doc. 588) is GRANTED in part and DENIED in part as follows:

    a. White's motion is GRANTED as to the items requested in paragraphs 16(G), (H), (I), (J), (K), (L), and (M) thereof.

    b. White's motion is DENIED as to the items requested in paragraph 16(D) thereof.

17. The remainder of Adgebesan's motion (Doc. 673) is GRANTED in part and WITHDRAWN in part as follows:

    a. Adgebesan's motion is GRANTED as to the items requested at paragraph 11(EE) thereof.

    b. Adgebesan's motion (Doc. 673) is deemed WITHDRAWN as to the items requested in paragraphs 11(AA), (CC), and (DD) thereof.

18. The government is DIRECTED to make all disclosures and productions and to grant all inspection, copying, or photographing access ordered herein within 14 days of the date of this order, unless a different deadline is established above.

19. Dickerson's motion (Doc. 680) is GRANTED to the extent it seeks modification of the protective order to permit access to a tablet for reviewing discovery. The parties shall meet and confer and, by **Friday, January 15, 2021**, submit to the court a joint proposed order effectuating this modification.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania