IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | : CRIMINAL NO. 1:16-CR-212 |
| | : |
| v. | : (Judge Conner) |
| | : |
| **KEVIN COLES,** | : |
| | : |
| **Defendant** | : |

# MEMORANDUM

Defendant Kevin Coles moves the court to exclude certain testimony of expert witness John F. Goshert, Chief of the Dauphin County Criminal Detectives, during the upcoming jury trial in this case. For the reasons that follow, the court will deny Coles' motion.

## I.  Factual Background & Procedural History

The criminal investigation and charges in this case originate with a triple homicide and robbery on June 25, 2016. The third superseding indictment identifies the homicide victims as Wendy Chaney,[1] Phillip Jackson, and Brandon Cole. The murders and robbery occurred in a barn on Jackson's farm, located at 11026 Welsh Run Road in Mercersburg, Franklin County, Pennsylvania. The alleged events leading up to the triple homicide and robbery have been detailed in the court's prior opinions in this case and are incorporated herein by reference.

---

[1] The third superseding indictment uses two different spellings for this victim's last name, switching between "Chaney" and "Cheney." We use "Chaney" in this memorandum, which we understand to be the correct spelling.

The case is currently proceeding on a third superseding indictment which charges defendants Kevin Coles, Devin Dickerson, Torey White, Jerell Adgebesan, and Nicholas Preddy with multiple offenses related to the triple homicide and robbery. Those charges include, *inter alia*, Hobbs Act robbery; using, brandishing, and discharging firearms during and in relation to crimes of violence resulting in death; murder of witnesses; conspiracy to commit murder for hire and murder of witnesses; and various drug-trafficking crimes. (See Doc. 499 at 1-36). Trial will commence with jury selection on January 10, 2022, and is expected to last roughly six weeks.

On September 10, 2021, the government filed its notice of intent to present expert testimony, identifying seven witnesses that it intends to present as experts at trial. Defendant Coles timely filed the instant motion to exclude certain testimony by one of those witnesses on September 20, 2021. The motion is fully briefed and ripe for disposition.

## II. Discussion

The government intends to present expert testimony from John F. Goshert, Chief of the Dauphin County Criminal Detectives ("Chief Goshert"), at trial in this case. The government describes Chief Goshert's anticipated testimony as follows:

> Chief Goshert will be qualified as an expert in drug trafficking. He will provide expert testimony regarding undercover drug investigations, the utilization of confidential informants, and the interaction of local law enforcement with federal task forces. He will offer testimony to the general qualities of, methods of consuming, methods of producing, and methods of packaging cocaine, cocaine base, heroin, and fentanyl. He will also provide testimony regarding wholesale and

> retail prices for the controlled substances in the Central Pennsylvania area. He will testify to the general methods and techniques for transporting and concealing narcotics, and the common methods and techniques for the street-level sale and distribution of cocaine, cocaine base, heroin, and fentanyl, and to quantities of these substances that are consistent with personal use, as well as quantities that are consistent with street-level sales and distribution. He will also provide testimony regarding the measures used by drug traffickers to identify informants and counter drug investigations.

(Doc. 976 at 1-2). The government states that Chief Goshert has reviewed the case file, including "records and statements gathered during the investigation," and that Chief Goshert's opinions will be based on that review as informed by his "decades of involvement in drug investigations." (See id. at 2-3). Coles challenges Chief Goshert's proposed testimony only to the extent it concerns "measures used by drug traffickers to identify informants." (See Doc. 983 at 3-4 & n.1).

Admissibility of expert testimony is governed by Federal Rule of Evidence 702. See FED. R. EVID. 702; see also Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579, 588-89 (1993). Trial courts must act as gatekeepers to "ensure that any and all scientific testimony or evidence admitted is . . . reliable." Daubert, 509 U.S. at 589. Rule 702 provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

FED. R. EVID. 702. The Third Circuit Court of Appeals has explained that "Rule 702 embodies a trilogy of restrictions on expert testimony: qualification, reliability and fit." Schneider *ex rel.* Estate of Schneider v. Fried, 320 F.3d 396, 404 (3d Cir. 2003) (citation omitted). Rule 702 embraces a "liberal policy of admissibility," pursuant to which it is preferable to admit any evidence that may assist the trier of fact. Pineda v. Ford Motor Co., 520 F.3d 237, 243 (3d Cir. 2008) (quoting Kannankeril v. Terminix Int'l, Inc., 128 F.3d 802, 806 (3d Cir. 1997)).

Expert testimony is not inadmissible solely because it involves the ultimate issue in the case. See FED. R. EVID. 704(a). In a criminal case, however, "an expert witness must not state an opinion about whether the defendant did or did not have a mental state or condition that constitutes an element of the crime charged or of a defense." FED. R. EVID. 704(b). The Third Circuit Court of Appeals has explained Rule 704(b) prohibits an expert from testifying that a defendant had the requisite *mens rea* to commit a crime—"whether it be intent, knowledge or something else." See United States v. Davis, 726 F.3d 434, 446 (3d Cir. 2013). The rule is concerned with the state of mind of the particular defendants on trial, which is strictly within the purview of the jury. See FED. R. EVID. 704(b). It does not prohibit experts from testifying about general patterns or practices of those in a particular criminal trade. See Davis, 726 F.3d at 446 (citing United States v. Watson, 260 F.3d 301, 308 (3d Cir. 2001)).

Our court of appeals has long held that "law enforcement officials can rely upon their specialized knowledge or experience to offer expert testimony on various aspects of drug trafficking." See United States v. Walker, 657 F.3d 160, 176 (3d Cir.

4

2011) (citing United States v. Perez, 280 F.3d 318, 342 (3d Cir. 2002); United States v. Gibbs, 190 F.3d 188, 211 (3d Cir. 1999)).  The court has held, for example, that properly qualified law enforcement officers may testify about geographic origins of drugs, see id. at 176-77 (testimony of Chief Goshert); the "tools of the trade" of drug trafficking, including cell phones and firearms, see United States v. Price, 458 F.3d 202, 211-12 (3d Cir. 2006); Perez, 280 F.3d at 341-42 (citation omitted); the *modus operandi* of drug dealers, see Watson, 260 F.3d at 308; the meaning of coded drug language, see Gibbs, 190 F.3d at 211 (collecting cases); and the quantity, purity, dosage units, and street value of certain drugs, see Watson, 260 F.3d at 308 (citation omitted).  Expert testimony is also appropriate on the subject of countersurveillance techniques used by drug dealers to avoid police detection.  See id. (citation omitted).

Coles acknowledges all of this.  (See Doc. 983 at 3 n.1 (citing Watson, 260 F.3d at 308)).  He asserts, however, that Chief Goshert's testimony regarding drug traffickers' efforts to identify confidential informants is unnecessary because lay witnesses can testify to how defendants learned of Chaney's work as an informant, and that it violates Rule 704(b) by speaking to what defendants decided to do based on that knowledge.  (See id. at 4-5).  We easily dispose of Coles' first argument.  The claim that Chief Goshert's testimony is unnecessary or that lay witness testimony will be sufficient misapprehends the testimony's purpose.  The government has not offered Chief Goshert as a fact witness about these *particular* defendants' efforts to identify or silence informants; rather, the government advises that Chief Goshert will testify to such conduct being one hallmark of the drug trade writ large.  (See

5

Doc. 976 at 1-2; Doc. 989 at 5-6). Such matters are properly the subject of expert testimony. See Davis, 726 F.3d at 446 (citing Watson, 260 F.3d at 308).

Coles' argument under Rule 704(b) requires further discussion, but is also without merit. Coles is correct that, while a law enforcement expert may testify as to the common practices of drug dealers, Rule 704(b) prohibits the expert from opining as to a defendant's mental state or intent. See Davis, 726 F.3d at 445. In this respect, the court of appeals has said there is a "fine line" between permissible and impermissible testimony. See Watson, 260 F.3d at 308-09 (citation omitted). As the court explained in Watson:

> Expert testimony is admissible if it merely supports an inference or conclusion that the defendant did or did not have the requisite *mens rea*, so long as the expert does not draw the ultimate inference or conclusion for the jury and the ultimate inference or conclusion does not necessarily follow from the testimony.

Id. at 309 (internal citations omitted); see also Davis, 726 F.3d at 446 ("In fact, such testimony is admissible even if it supports a conclusion that the defendant had the necessary state of mind." (citing United States v. Bennett, 161 F.3d 171, 183 (3d Cir. 1998))). As long as the expert does not take the final inferential step for the jury and state an ultimate conclusion about the defendant's mental state, or "testify in such a way that the ultimate conclusion is inevitable," Rule 704(b) permits the testimony. See Davis, 726 F.3d at 446 (citing Bennett, 161 F.3d at 171); Watson, 260 F.3d at 309.

The court finds that Chief Goshert's proposed testimony concerning countersurveillance efforts of drug dealers—including their efforts to identify confidential informants—falls squarely within the scope of permissible expert

6

testimony.  Cf. Watson, 260 F.3d at 308.  And we see no Rule 704(b) problem with the proposed testimony as described in the government's notice.  As noted *supra*, Chief Goshert will testify to the practices of drug dealers on the whole, not to the specific intentions of the alleged drug dealers in this case.  His testimony will help jurors understand the testimony of fact witnesses, provide context for why drug dealers may take certain actions, and aid the jury in determining facts in issue at trial.  Moreover, the court will provide an instruction to all expert witnesses, outside of the jury's presence, reminding the witnesses of the limitations of Rule 704(b).[2]  Coles (and all defendants) are free to object to the extent they believe any aspect of Chief Goshert's testimony violates the court's instruction.  At this stage, however,

---

[2] We note for the parties' benefit that such testimony may be admissible if "given in response to hypothetical, rather than specific, questions regarding the intent of [the] defendants on trial."  See United States v. Davis, 397 F.3d 173, 179 (3d Cir. 2005) (affirming expert's use of hypotheticals which "closely resembled the circumstances of this particular case" when questions did not repeatedly refer to individual defendants' states of mind and expert did not have direct relationship with the case or defendants); see also United States v. Fernandez, 795 F. App'x 153, 155 (3d Cir. 2020) (nonprecedential) (same for testimony that "track[ed] and appl[ied] the allegations of the case without rendering a conclusion about any defendant's mental state").

7

there is no basis under Rule 704(b) for wholesale exclusion of this portion of Chief Goshert's testimony.[3]

Finally, we reject Coles' summary argument under Rule 403, that Chief Goshert's testimony would be highly prejudicial, mislead the jury, and serve to impermissibly bolster testimony and evidence offered by and through lay witnesses. As a threshold matter, because Coles raises this argument for the first time in his reply brief, the court need not consider it. See Prometheus Radio Project v. FCC, 824 F.3d 33, 53 (3d Cir. 2016) (citing United States v. Pellulo, 399 F.3d 197, 222 (3d Cir. 2005)). In any event, the argument is without merit. Coles again premises his argument on a misapprehension that Chief Goshert will testify directly to the facts of this case, and to the particular defendants' actions and intentions, rather than the common practices of the drug trade. (See, e.g., Doc. 1007 at 3 ("The jury does not need an expert to testify as to whether the Defendant found out a piece of information (i.e., that Wendy Chaney was a confidential informant) and allegedly made a decision based upon the information (i.e., to have her killed.")). Expert testimony about what these defendants did and why they did it would run afoul of Rule 704(b), and likely Rule 403. The government has assured us, however, that Chief Goshert's testimony will not cross that line, (see Doc. 989 at 6), and, as noted,

---

[3] Coles also claims, in conclusory fashion, that Chief Goshert's proffered testimony is "inherently unreliable." (See Doc. 983 at 4). Coles offers no further argument on this subject. Because Coles has failed to develop this argument, we will deny this aspect of his motion as well. (See Doc. 959 ¶ 10(f) ("The court will summarily deny any motion for which the supporting brief . . . fails to cite legal authority supporting the requested relief[] or otherwise offers only conclusory assertions or rationale.")).

the court will remind Chief Goshert of Rule 704(b)'s boundary before his testimony begins.

We also disagree with Coles to the extent he suggests expert testimony on the subject of informant identification would constitute improper "bolstering." (See Doc. 1007 at 3). Chief Goshert's testimony will merely provide context to aid the jury in understanding this particular practice of the drug trade. Jurors will then be instructed that they must draw their own conclusions from the evidence, including making their own credibility findings, to determine whether the defendants in fact acted consistently with that practice in this case. Importantly, jurors will also be instructed that Chief Goshert's testimony is entitled to no special weight and may be accepted or rejected under the same standards applicable to all other witnesses. For all of these reasons, we will deny Coles' motion to exclude this aspect of Chief Goshert's testimony under Rule 403.

### III.   Conclusion

The court will deny Coles' motion to exclude certain testimony of Chief Goshert. An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:   November 12, 2021