# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CR. NO. 1:16-CR-212** |
| | : | |
| **v.** | : | **(Judge Conner)** |
| | : | |
| **KEVIN COLES,** | : | **(Electronically Filed)** |
| **Defendant** | : | |

## GOVERNMENT'S SENTENCING MEMORANDUM AND RESPONSE TO DEFENDANT'S OUTSTANDING OBJECTIONS TO THE PSR

## I. THE UNITED STATES SUPPORTS THE PROBATION OFFICER'S FINDINGS IN THE PRESENTENCE REPORT AND ADDENDUM.

The defendant makes a number of challenges to findings made by the probation officer in the Presentence Report (hereinafter PSR) and when calculating the defendant's guidelines. The United States submits this sentencing memorandum in advance of the presentence telephone conference so that the court and the defendant are informed regarding the government's position regarding the PSR and the appropriate sentence.

### A. Role in the Offense

The defendant objects to the application of the organizer-leader enhancement pursuant to U.S.S.G. § 3B1.1(a). That section provides that

a defendant's base offense level is increased by 4 levels "[i]f the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive." Coles rests his argument on the muti-factor set forth in Application Note 4 to the Commentary to § 3B1.1. However, in *United States v. Adair*, 38 F.4th 341, 354 (3d Cir. 2022) the Third Circuit Court of Appeals held that "[w]ithout a genuine ambiguity, the multi-factor test in the commentary, see U.S.S.G. § 3B1.1, cmt. 4, is not controlling. * * * Rather, a defendant who meets the definition of 'organizer' or 'leader' qualifies for the four-point enhancement." The *Adair* court relied upon the dictionary definitions since § 3B1.1 does not provide definitions for those terms:

> An organizer generally meant "one that organizes." And "organize" has several related, relevant definitions that all centered around generating a coherent functional structure through the coordination of individual efforts. Also, as commonly understood, the term "leader" referred to "a person who by force of example, talents, or qualities of leadership plays a directing role [or]wields commanding influence."

Id. at p. 351.

The *Adair* court went on to hold that "multiple persons may qualify as organizers or leaders of extensive criminal activity, and a criminal defendant could be an organizer, a leader, or both." Id at p. 352.

The multi-factor test is not controlling and should not be used to consider Coles' objection. So, the "common ordinary meaning of those terms at the time of promulgation together with the structure and purpose of § 3B1.1", id. at p. 354, provide contextually appropriate definitions of those terms and should be used.

Using this approach which no longer requires the wooden application of the multi-factor test, it is clear Coles meets the definition of organizer or leader or both. And although the United States, given *Adair*, is not following the probation officer's use of Application Note 4 to § 3B1.1, the United States adopts the review of the facts by the probation officer which shows Coles' role in the murders and drug trafficking grouped crimes fits the "common ordinary meaning" of an organizer or leader. The four-level increase was appropriately applied here.

Even if the court were to rule in Coles' favor on this objection, the guidelines would remain unaltered. Furthermore, Counts 7, 8, 9, 10 and 11 by statute require the imposition of a life sentence. PSR pp. 22-23, para. 77. Pursuant to F.R.Crim.P. 32 (i)(3)(B), the court "must—for any disputed portion of the presentence report or other controverted matter— rule on the dispute *or determine that a ruling is unnecessary either*

*because the matter will not affect sentencing, or because the court will not consider the matter in sentencing;"* (emphasis added). Given the requirement of a life sentence, unaffected by the determination of whether Coles is an organizer or leader, the United States suggests that the court need not rule on Coles' objection to the four-level enhancement under the guidelines for aggravating role.

The defendant also objects to the probation officers calculation of drug quantity and asks that the sentence containing that estimate be removed from the PSR. Doc. 1451, p. 4, para. 2. The defendant offers no explanation or basis for the objection and should be denied for that reason alone. However, a review of the PSR offense conduct section demonstrates there was a factual basis for the probation officers estimates. This objection should be denied.

## B.    The § 851 Information

The defendant also objects to the probation officer concluding that a life sentence is required for Counts 14 and 18 of the Third Superseding Indictment. Coles relies on the decision of the district court in the Eastern District of New York in *United States v. Holmes*, 2022 WL 1036631 (EDNY, April 6, 2022). The court held New York law covers non-

optical, non-geometric isomers in its definition of isomers of cocaine, whereas the CSA does not. As a result, the court found that there is a categorical mismatch between "narcotic drug" under N.Y.P.L. §§ 220.16(1) and 110.00, 220.39(1) and "controlled substance" under the CSA, *Holmes*, 2022 WL 1036631 at 11, so that the NY conviction was not an aggravated felony under the INA. In this district Judge Mannion recently followed the *Holmes* decision and held that a prior New York cocaine trafficking conviction did not qualify as a "serious drug felony" for purposes of sentence enhancement under 21 U.S.C. § 851. *See United States v. Gott*, 2023 WL 362388 (MDPA, January 23, 2023).

Although *Holmes* and *Gott* are district court decisions and are not binding on this court, the United States will move to withdraw the 851 Information prior to sentencing. A ruling on this objection is unnecessary.[1]

---

[1] Even though the government will move to withdraw the 851 notice, Coles convictions at Count 14 (drug trafficking conspiracy resulting in serious bodily injury) and Count 18 (Possession with intent to distribute heroin resulting in serious bodily injury) still carry maximum punishments of up to life in prison. See, 21 U.S.C. §841(b)(1)(B) & (C). These convictions also carry a mandatory sentence of at least 20 years in prison, however, because of the seriousness of the conduct the government intends to ask the Court at sentencing that the sentence at

## C. The Sentencing Factors Under 18 U.S.C. Section 3553.

Section 3553(a) of Title 18 of the United States Code provides the court with a list of factors to be considered in imposing a sentence. The sentence imposed after consideration of those factors shall be one that is sufficient, but not greater than necessary, to comply with the purposes set forth in Section 3553(a)(2), which include:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant; the kinds of sentences available;

(2) the need for the sentence imposed –

(a) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(b) to afford adequate deterrence to criminal conduct;

(c) to protect the public from further crimes of the defendant; and

(d) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.
Among the factors the court is to consider are:

(4) the kinds of sentence and the sentencing range established

---

Counts 14 and 18 be life imprisonment to run concurrent to the life imprisonment sentences imposed at other counts.

(5) any pertinent policy statement ...

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a)(1) & (4)-(7).

Of course, the Guidelines are advisory only, and the court, after properly calculating them, uses them as a starting point to determine the appropriate sentence, and can impose a sentence outside of the guidelines range, either higher or lower, based on the court's assessment of all of the circumstances of the case and the 3553(a) factors.

Here, regardless of the sentencing guidelines, the defendant must by statute be sentenced to life imprisonment for his convictions on Counts 7, 8, 9, 10 and 11. As stated earlier, if the defendant were to prevail on his objection to role in the offense, this would have no effect on these counts or the guidelines calculation.

This was, as admitted by Christopher Johnson and Jerell Adgebesan at their change of plea proceedings, a contract killing. The death of Wendy Chaney was intended, and the killings of Phillip Jackson and Brandon Cole were likewise intentional as the circumstances of the

grizzly crimes dictated witnesses needed to be murdered. The multiple murder victims were bound with zip ties, set on fire, and executed. It was a horrific crime, and the murder of Chaney in particular was an assault on the foundation of the system of justice; retribution for her cooperation with law enforcement and to prevent her further cooperation.

Regarding the drug trafficking convictions, this court found in the memorandum opinion denying Cole's post-trial motions that Coles and Dickerson acted as a unit and were equally responsible for two life threatening overdoses: Harrell Hazelton and Krysta Rockwell. Both victims were at serious risk of death without medical intervention. And both overdose victims recovered only through the use of Narcan, a drug intended to reverse opioid overdoses. (Doc. 1511, pp. 30-32). And the testimony accurately reflected the conduct outlined in paragraphs 6 and 7 of the manner and means section of Count Fourteen of the Third Superseding Indictment:

> It was a further part of the conspiracy that COLES and DICKERSON used force, violence, and intimidation to maintain order and loyalty among members of the conspiracy and drug customers. As an example, COLES thought an associate had cheated him on a drug debt. COLES assaulted her in C.S.'s apartment, zip tied her hands behind her back, put a gun to the back of her head and told her he was going to kill her. *** It was further a part of the conspiracy that the

defendants would use, possess, carry, and brandish firearms as a part of the operation of their drug trafficking conspiracy and would store these weapons at various locations to conceal the weapons and to have them readily accessible to the defendants.

The United States respectfully requests the court sentence the defendant on each count of conviction to the maximum sentence permissible by law.

In particular though, the United States respectfully request the court impose three consecutive life sentences on each of Counts 8, 9, and 10 (§1512 witness murder counts) in order to reflect just punishment for the murders of each of the three individual victims: Wendy Chaney, Phillip Jackson, and Brandon Cole. Individualized consecutive life sentences would do justice for the victims and also their survivors, who through the imposition of consecutive life sentences, will know the murder of their respective loved one was given individual attention and punishment. Such a sentence would likewise provide just punishment and deterrence.

## II. CONCLUSION

WHEREFORE, it is respectfully requested that the court deny the defendant's objections to the PSR and sentence the defendant in accord with the sentencing objectives found in 18 U.S.C. § 3553(a).

Respectfully submitted,

GERARD M. KARAM
United States Attorney

Dated:  March 1, 2023

s/William A. Behe
WILLIAM A. BEHE
Assistant U.S. Attorney
PA-32284
228 Walnut Street, Suite 220
Harrisburg, PA 17108
717/221-4482 (Office)
william.behe@usdoj.gov

MICHAEL A. CONSIGLIO
Assistant U.S. Attorney

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CR. NO. 1:16-CR-212** |
| | : | |
| **v.** | : | **(Judge Conner)** |
| | : | |
| **KEVIN COLES** | : | **(Electronically Filed)** |
| **Defendant** | : | |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion as to be competent to serve papers, and that on this 1st day of March 2023, she served a copy of the attached

**GOVERNMENT'S SENTENCING MEMORANDUM**
**AND RESPONSE TO DEFENDANT'S OUTSTANDING**
**OBJECTIONS TO THE PSR**

by postal service and electronic case filing to the persons hereinafter named:

Jason Asbell
jasbell@gkh.com

Christopher Opiel
cropiel@opiellaw.com

/s/ *Ashley Lubold*
Ashley Lubold
Legal Assistant

11