# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | 1:16-CR-212 |
| | : | |
| v. | : | (Judge Conner) |
| | : | |
| KEVIN COLES | : | (Electronically Filed) |

**DEFENDANT'S SUPPLEMENTAL SENTENCING MEMORANDUM**

The Defendant, Kevin Coles ("Mr. Coles"), by and through his counsel hereby submits this Supplemental Sentencing Memorandum in anticipation of sentencing before this Court on March 15, 2023. Mr. Coles hereby incorporates the arguments and objections presented in Defendant's Sentencing Memorandum, (Doc. 1502), filed on November 21, 2022. In addition to Mr. Coles' previously raised arguments, Mr. Coles requests the Court to consider the following in regarding to relevant sentencing factors pursuant to 18 U.S.C. § 3553(a):

1. **The Need to Avoid Unwarranted Disparities**

Pursuant to 18 U.S.C. § 3553(a)(6), the Court shall consider the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. To avoid any unwarranted sentencing disparities, Mr. Coles is requesting that he be sentenced to 240 months on Counts 14 and 18 run concurrently; and for the mandatory life sentences on Counts 7, 8, 9, 10, and 11 to all be run concurrently.

1

### a. *Disparity Regarding Drug Related Convictions - Counts 14 and 18*

A sentence greater than 300 months run concurrent on Counts 14 and 18 would create an unwarranted disparity among other defendants with similar records who have been found guilty of similar conduct in the Middle District of Pennsylvania. In United States v. Jeremy Edward Johnson, (MDPA 3:21-CR-143), Mr. Johnson was convicted at trial of one count of conspiracy to distribute controlled substances resulting in death and one count of distribution of controlled substances resulting in death. Mr. Johnson had a more severe criminal history than Mr. Coles, and Mr. Johnson was sentenced in the Middle District of Pennsylvania to 300 months on both counts run concurrently. (See 3:21-CR-143). Here, unlike Johnson, the two alleged victims survived. The combination of a lower criminal history score and that no death was involved in the drug case means that Coles should be sentenced less severely than Jeremey Edward Johnson.

Similarly in United States v. Vincent John Ingino, (MDPA 3:18-CR-379), Mr. Ingino was convicted at trial of two (2) counts of distribution of a controlled substance resulting in the deaths of two (2) separate victims. Mr. Ingino was sentenced in the Middle District of Pennsylvania to a concurrent 300 month sentence. (See 3:18-CR-379). Again, there were no deaths associated with Counts 14 and 18 in Coles' case. This warrants a lesser sentence than what Vincent Ingino received.

A sentence greater than 300 months run concurrently for Counts 14 and 18 for Mr. Coles would create a disparity among other individuals who were sentenced for similar conduct in the Middle District of Pennsylvania.

   b. *Disparity Regarding Robbery/Murder Convictions – Counts 7, 8, 9, 10, and 11*

Another sentencing disparity would be created if Mr. Coles is sentenced to consecutive life terms for the mandatory life sentences on Counts 7, 8, 9, 10, and 11 becuase codefendants of Mr. Coles, that pursuant to the evidence presented at trial were directly involved in the planning and execution of the robbery and murders, will not be subject to multiple consecutive life sentences.

Michael Buck testified at trial against Mr. Coles. Mr. Buck testified that he and Kenyatta Corbett first thought of and initiated the robbery and murders at Philip Jackson's residence. (Trial Transcript from April 14, 2022, Doc. 1361 at 177-82). Michael Buck testified that he never met Kevin Coles, and that Kevin Coles was not at the "planning meeting" at Michael Buck's residence immediately prior to the execution of the robbery and murders. (Doc. 1361 at 174). Michael Buck testified that pursuant to his personal knowledge Kevin Coles was not directly involved in the robbery and murders. (Doc. 1361 at 190). Michael Buck entered a Plea Agreement with the Government in which Mr. Buck has entered a guilty plea to one count of conspiracy to commit Hobbs Act Robbery in violation

3

of 18 U.S.C. § 1951(a) and one count of use and discharge of a firearm during a crime of violence in violation of 18 U.S.C. § 924(c). (Doc. 631). Pursuant to Mr. Buck's Plea Agreement, Mr. Buck will not be subject to consecutive life sentences even though he admitted that he and Kenyatta Corbett were the individuals that set the plan in motion to conduct the robbery and murders at Philip Jackson's residence.

Similarly, Kenyatta Corbett entered a Plea Agreement with the Government for a guilty plea to one count of conspiracy to commit Hobbs Act Robbery in violation of 18 U.S.C. § 1951(a) and one count of use and discharge of a firearm during a crime of violence in violation of 18 U.S.C. § 924(c). (Doc. 707). Therefore, Kenyatta Corbett, who was present at the robbery and murder scene and hired the BGF gang members to conduct the robbery and murders will not be subject to consecutive life sentences.

A sentence of consecutive life terms for Mr. Coles would create a sentencing disparity between Mr. Coles and his codefendants, who admittedly directly participated in the robbery and murders.

## Conclusion

Mr. Coles requests a sentence of 240 months on Counts 14 and 18 run concurrently; and for the mandatory life sentences on Counts 7, 8, 9, 10, and 11 to

4

all be run concurrently. This sentence is sufficient, but not greater than necessary, to achieve the objectives of § 3553(a).

Respectfully submitted,

Date: March 10, 2023

*/s/ M. Jason Asbell*
**M. Jason Asbell**
2933 Lititz Pike
P.O. Box 5349
Lancaster, PA 17606
PH: (717) 291- 1700 / FAX: (717) 291-5547
Email: *jasbell@gkh.com*
Attorney for Defendant

/s/ Christopher Opiel
**Christopher Opiel, Esq.**
**CJA Appointed Counsel**
**Attorney ID# PA318776**
Opiel Law
88 North Franklin Street
Wilkes-Barre, Pennsylvania 18701
(570) 762-9992 (Office)
(570) 417-1436 (Cell)
(570) 825-6675 (Fax)
Email: cropiel@opiellaw.com

# CERTIFICATE OF SERVICE

I, Christopher Opiel, CJA appointed counsel, do hereby certify that this document, the foregoing **Defendant's Supplemental Sentencing Memorandum**, filed electronically through the ECF system will be sent to the registered Participants as identified on the Notice of Electronic Filing, including the following:

> William A. Behe, Esquire
> Assistant United States Attorney
>
> Crystal J. Bard
> United States Probation Officer

Date:  March 10, 2023          /s/ Christopher Opiel
                               **Christopher Opiel, Esq.**